### WEAVER *v.* WHILDEN.

1. In action for the recovery of real property, defendant denied that plaintiff had title. Plaintiff offered testimony to establish his title from a common source by proving the signatures of the maker and witnesses to a deed of conveyance and acknowledgment of tenancy. Defendant offered testimony to show that the alleged signatures were not genuine. *Held*, that there was no such distinct defence interposed here as to which plaintiff could introduce testimony in reply, even though incidentally cumulative, and the refusal of the trial judge to permit testimony in reply to the disputed signatures was not legal error.
2. It is not error to disallow evidence of witnesses who are not familiar with handwriting, to establish the genuineness of a disputed signature by a comparison of handwriting.
3. Under the denial of plaintiffs' title the burden of proof was upon them throughout the whole case.

Before FRASER, J., Greenville, October, 1889.

This was an action by George W. Weaver and others against R. Furman Whilden for the recovery of a tract of land, commenced in June, 1887. The case turned upon the genuineness of the deed under which plaintiffs claimed, and of a rent contract acknowledging tenancy by the grantor to them, the maker and two witnesses being dead. Several witnesses introduced by plaintiffs testified to the genuineness of these signatures. Several witnesses of defendant denied them. In reply, says the "Case," the "plaintiffs introduced a number of witnesses who testified that they were familiar with the handwriting of John Weaver and John Arledge, and offered to prove that the signatures to the deed and rent contract were genuine and were in the handwriting of the said John Weaver and John Arledge. The defendant objected to this testimony on the ground that it was cumulative. The objection was sustained and the testimony ruled out. The plaintiffs also introduced witnesses for the purpose of having them to compare the disputed signatures of John Weaver and John Arledge with those signatures admitted to be genuine, and sought to have them testify that the said signatures were all in the same handwriting. This testimony was objected to by the defendant on the ground that said witnesses were not shown to be experts on the subject of handwriting. The objection was sustained as to two of these witnesses, the judge holding that they were not shown to have any familiarity with handwritings, and excluded their testimony. The other witnesses to this point were allowed to testify."

All that is stated of the charge is as follows: "His honor, among other things, charged the jury that the burden of proving the deed and rent contract to be genuine did not shift when the plaintiffs made *prima facie* proof of the said papers, but that it remained with the plaintiffs throughout the case."

*Messrs. Westmoreland & Haynsworth*, for appellants.

*Mr. O. W. Buchanan*, contra.

June 25, 1890. The opinion of the court was delivered by
MR. CHIEF JUSTICE SIMPSON. The plaintiffs, appellants here-

in, sought by the action below to recover a certain tract of land
situate in Greenville County from the defendant, respondent,
alleged to belong to said plaintiffs, and in possession of the defend-
ant.    The plaintiffs claimed through an alleged deed of one John
Weaver, purporting to have been executed on November 9, 1860,
in the presence of John Arledge and P. S. Hunter as witnesses, to
Francis Asbury Weaver, and the defendant claimed under a sher-
iff's deed, executed by virtue of a sale of the land as the property
of the said John Weaver under a judgment against the said John
Weaver, obtained in 1866.    The issue in the case was the gen-
uineness of the signatures of John Weaver and the witnesses to
the alleged deed, and also the genuineness of the same signatures
to a paper in which the said John Weaver purported to acknowl-
edge tenancy to the said F. A. Weaver of this land, alleged to
have been executed on the same day of the execution of the deed
and in the presence of the same witnesses.

The verdict was for the defendant, and the exceptions of the
appellants will show the rulings to which appellants object.
These exceptions are as follows : 1st. Because his honor erred in
refusing to allow plaintiffs in reply to the defendant's attack, as
a forgery, upon the deed and rent contract of John Weaver to
Francis A. Weaver to introduce the testimony of witnesses who
were familiar with the handwriting of John Weaver and of the
subscribing witnesses, to show that the said deed and contract
were not forgeries, but genuine papers.    2nd. Because his honor
erred in refusing to allow the plaintiffs in reply to introduce the
testimony of witnesses, other than experts, to prove the genuine-
ness of the signatures of John Weaver to the deed and rent con-
tract, by comparing them with the signatures of his to other
papers which had been introduced by the defendant for the pur-
pose of showing by comparison that his signatures to the deed
and rent contract were not genuine, but forgeries.    3rd. Because
his honor erred in charging the jury that the burden of proof
remained with the plaintiff throughout the whole trial, and that
when the defendant attacked the deed and rent contract as for-
geries, the burden was not upon him to make the charge good, but
was upon the plaintiff to disprove the charge by a preponderance
of the evidence.

As to the first exception. The evidence offered, the exclusion of which forms the basis of this exception, was excluded on the ground that it was cumulative merely. There was no distinct defence of forgery of the papers relied on by appellant set up in the answer. The answer plead adverse possession, and denied title in the plaintiffs, which put the plaintiffs to proof of the execution of the deed and of the rent contract mentioned. All of the parties to the deed and rent contract had died before the trial, and the issue as to both the papers was, as said above, the genuineness of the signatures of grantor and witnesses, and this was the only issue. This was met on the one side by witnesses who testified in favor of said signatures, and on the other by witnesses who testified against the said signatures. Upon the close of defendant's testimony, the plaintiffs offered other evidence of the same kind as had been introduced in chief, which was excluded by his honor as cumulative.

There is no rule of law which allows cumulative evidence in reply as a matter of legal right. It is true that where evidence in strict reply to a distinct defence, is at the same time incidentally cumulative, or strengthening to the evidence in chief, it will not be excluded on that ground. It will be competent to meet the defence, and the incidental advantage cannot be objected to. This is all that the cases relied on by appellant decide on that subject, to wit: *Caldwell* v. *Wilson*, 2 Speer, 79; *State* v. *Watson*, 7 S. C., 64; and *State* v. *Prater*, 26 *Id.*, 206. The case of *State* v. *Watson*, illustrates the principle. There the defence was an *alibi*, and it was held competent for the State in reply to disprove the allegations of the witnesses who had been introduced to establish it, although the effect of such testimony was indirectly to strengthen the testimony submitted by the State in chief. So, too, in the case before the court, had the defence set up some independent defence to overthrow the complaint, other than that which naturally arose out of plaintiffs' allegations, and which plaintiffs were bound to prove in the first instance to the end of a recovery, then this defence might have been met by counter testimony in reply, although such counter evidence was incidentally cumulative.

As to the second exception. His honor did not exclude these

witnesses because they were not experts, but because they were
not at all familiar with handwriting, and therefore they were
incompetent to the comparison of handwriting. There was no
legal error here, and, moreover, he admitted two of these wit-
nesses.

As to the third exception. We do not see that his honor did
more than to charge that the burden of proving their whole case
was upon the plaintiffs. There was certainly no error in this.
The plaintiffs sued for a tract of land in the possession of the
defendant. They had to recover, if at all, upon the strength of
their own title, and not upon the weakness of that of the defend-
ant. The strength of this title depended upon the genuineness
of the signatures to the deed and rent contract under which they
claimed, and these being denied the burden of proving their gen-
uineness was upon them from the beginning to the end.

It is the judgment of this court, that the judgment of the Cir-
cuit Court be affirmed.