7219

McCLINTOCK v. CHARLESTON & WESTERN CAROLINA RY.

1. Evidence—Negligence—Railroad—Communicated Fires.—In an action under the statute for damages from communicated fires rejection of evidence tending to show the railroad company had previously communicated fire to the property is not prejudicial to the rights of claimant as that is not the main issue in controversy.

2. Discretion.—Relevancy of Evidence is largely within the discretion of the trial Judge.

3. Evidence—Books.—Objection to admission of book in evidence that it could not be used to show entries not proved, will not cover the point that the book was not admissible to show want of entry.

4. Evidence—Cumulative.—No error here in excluding cumulative evidence.

Before Gage, J., Laurens, January, 1907.    Affirmed.

Two actions tried together; (1) by W. A. McClintock against Charleston and Western Carolina Railway; (2) W. E. McClintock against same defendant. From judgment for defendant, plaintiffs appeal.

*Messrs. Dial & Todd, for appellants,* cite: *Previous fires:* 91 U. S., 454; 50 Cal., 176; 10 R. I., 22; 6 Allen, 87; 39 Md., 115. *Subsequent fires:* 271, 190 U. S., 287; 14 N. Y., 223; 114 Fed. R., 133. *Entries in book:* 43 S. C., 468; 64 N. E., 233; 77 Ind., 110. *Evidence in reply as to other trains passing:* 33 S. C., 193; 7 S. C., 64; 54 S. C., 314; 25 S. C., 142.

*Mr. S. J. Simpson, Simpson, Cooper & Babb,* contra. The latter cite: *Evidence in reply:* 5 Strob., 42; 8 Ency. P. & P., 132.

June 16, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. These two actions are separate and distinct, but by consent were tried together. The plaintiffs seek to recover damages for the loss of their property, alleged to have been caused by fire communicated from a locomotive engine of the defendant, or originating within the limits of defendant's right of way. This fire is alleged to have occurred on the 21st of May, 1906. The plaintiff, W. A. McClintock, claiming to be the owner of the house which was destroyed, seeks to recover as his damages the value of the same, while the other plaintiff, the occupant of the house at the time of the fire, sues to recover the loss of his household goods and other personal property.

The jury rendered a verdict, in each case, in favor of the defendant, and the plaintiffs appealed.

The first exception is as follows: "Because his Honor erred, it is submitted, in not allowing the plaintiff, W. A. McClintock, to answer the following question: 'Do you know whether this house ever caught from a train before?' and in holding that it was irrelevant. His Honor should have held that this question was competent, relevant and material, as bearing upon the issue of the cause of the fire, and as tending to prove the possibility, and a consequent probability, that some locomotive of the defendant caused the fire, and also as bearing upon the question of negligence, either in the operation, management or construction of defendant's engines."

This question arose as follows, during the examination of a witness for the plaintiffs: "Q. Do you know whether this house ever caught from a train before? Mr. Babb: We object to what may have occurred before this.

"The Court: How is that relevant?

"Mr. Todd: In one of these cases, under this section, evidence of previous fires from locomotive engines was received and was held competent. I don't recall the name

of that case, but I think I can get it.  I asked the witness if he knew, of his own knowledge, that this house had ever caught from passing locomotives previous to this time.

"The Court: I don't think that would be relevant."

The ground upon which the testimony was held to be inadmissible was that it was irrelevant.

It is a self-evident fact that it is within the range of possibility for sparks from an engine to set on fire a house near the track.  We must assume that jurors are men of common sense and conversant with the ordinary and well-known laws of nature.  So that, even conceding that the testimony was admissible, it has not been made to appear that its rejection was prejudicial to the rights of the appellant, especially since the testimony shows that this fact was not the main issue in the controversy.

In so far as the exception raises the question of the relevancy of the testimony upon the issue of negligence, it must be overruled for the additional reason that the allegations of negligence and wilfulness were withdrawn and the plaintiffs relied solely upon the statutory remedy, provided in section 2135 of the Code of Laws.

Furthermore, the question as to the relevancy of testimony lies in large measure within the discretion of the presiding Judge, and his ruling is not the subject of appeal, unless there has been an abuse of discretion, which does not appear in this case.  This exception is overruled.

The second exception is as follows: "Because his Honor erred. it is submitted, in allowing the defendant, over the objection of the plaintiffs, to introduce in evidence, by the witness C. H. Gasque, the book known as train register.  This was error, because it was proving negatively what could not be proven positively, and because said book was a mere memorandum or record made and kept by the defendant and its servants or agents for its convenience and information solely, and was, therefore, not

competent or relevant against these plaintiffs, and also because the absence of any entries of the arrival of trains, arriving after the arrival of Verdery's train, was not competent or relevant evidence to show that no trains in fact arrived; whereas, his Honor should have so held, and should have excluded the book."

This question arose as follows during the examination of a witness for the defendant: "Mr. Babb: We offer that book in evidence to show the time of the arrival and departure of trains on May 21st and 22d of 1906.

"Mr. Todd: We object. We think that book, so far as it shows any entries made by the witness, might be competent.

"The Court: Yes, sir. Mr. Babb, only those books are evidence which the statute makes evidence, and they are only evidence when the entry in them is proven. This book is evidence of the entry where the witness who makes the entry testifies to it.

"Mr. Babb: We wish to introduce, then, the record for May 21, 1906, to show that no entry was made subsequent to this one, testified to by the witness. The Court: You want to show there is no entry there? Mr. Babb: No entry at all. The Court: Very well; you can show that. Mr. Babb: That is the purpose for which we wish to introduce it, to show there is no entry.

"Mr. Todd: We object to any other entry on that day made by any other person except this witness. The Court: I rule that out. Mr. Babb: All we want to show is that there was no other entries on that day after that one. The Court: Yes, sir."

The plaintiff did not object to the introduction of the book in evidence to prove entries made by the witnesss himself, but the sole ground of his objection was that it was not admissible to prove other entries, and his Honor, the presiding Judge, so ruled. As it was not offered in evidence

to prove entries made by others, this exception can not be sustained.

The third exception is as follows: "Because his Honor erred, it is submitted, in refusing to allow the plaintiffs to examine the witness, John H. Powers, in reply, as to the time trains passed Ora on the night of the fire. This was error, because it denied to plaintiffs the right to bring out all the facts for the consideration of the jury, and such testimony as plaintiffs attempted to bring out was directly in reply to and contradictory of the testimony of several witnesses for defendant, and was, therefore, competent and important, and by being thus shut off plaintiffs cases were prejudiced."

The ruling of his Honor, the Circuit Judge, in excluding the cumulative testimony, is sustained by the case of *Weaver* v. *Whilden*, 33 S. C., 190, 11 S. E., 686. This exception is also overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.