### 7698

### McGILL BROS. v. SEABOARD AIR LINE RY.
### CONNOR v. SAME.

Evidence—Railroads—Communicated Fires.—In an action against a railroad company for damages by fires communicated by its locomotives, evidence of other fires communicated by other locomotives under approximately the same conditions and at or near the same time is admissible as tending to show a probability that the fire under investigation was set in same way.   The evidence here ruled out held to be too indefinite.

Before Prince J. Lexington February 1907.   Affirmed.

Three actions: 1. McGill Bros. against Seaboard Air Line Ry.   2. James W. Conner against same.   3. James W. Conner, administrator, against same.   From judgment for defendant, plaintiffs appeal.

*Messrs. John T. Seibels* and *T. C. Sturkie* for appellants. *Mr. Seibels,* cites: *Evidence of origin of fire:* 13 Ency. 513-14 and note citing numerous cases; 8 Ency. Ev. 933, note 34; 94 N. Y. Supp. 954.

*Messrs. Lyles & Lyles* and *Efird & Dreher* contra, cite: *The actions being under the statute, plaintiff is not required to show negligence:* 24 S. C. 366; 31 S. C. 37; 83 S. C. 58. *Rule as to admissibility of evidence when engine is identified:* 48 S. E. 521.

October 27, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In these actions for the recovery of damages for injury to land caused by a fire alleged to have been set out by sparks from one of defendant's locomotives, the verdict was for the defendant. The actions being brought under section 2135 of the Civil Code, which makes railroad companies liable for damages from fire communicated by their locomotive engines without respect to negligence, the main issue was as to the origin of the fire. On the part of the plaintiffs there was evidence that the fire started near the railroad track soon after a locomotive had passed. The defendant introduced evidence tending to show that the woodlands of the plaintiffs might have caught fire from an old tree burning near by.

The exceptions assign error in the exclusion of the following question asked by plaintiff's counsel of the witness Gardener: "Had you seen the engines of the defendant company set out fires along there before?"

The rule of evidence adopted by the Courts with practical unanimity in cases like this is that on the issue of the origin of the fire, evidence of other fires communicated by other locomotives of the defendant company, under similar conditions and at or near the same time, is admissible as tending to show a probability that the fire under investigation was

set out in the same way. *Grand Trunk Ry. Co.* v. *Richardson,* 91 U. S. 454, 25 L. Ed. 356; *Texas & Pac. Ry. Co.* v. *Watson,* 190 U. S. 47 L. Ed. 1057. The cases are collated in 33 Cyc. 1371, and 13 Am. & Eng. Ency. 515, and are too numerous for citation.

There is strong reason for holding that such evidence should not be admitted unless it appears to the Court that the conditions and the time were approximately the same. Evidence that a locomotive hauling a heavy freight train up grade emitted sparks and set fire to woods would not justify an inference that a passenger engine running down grade would do the same thing. It is to be further observed that the changes in the construction and the fixtures of locomotive engines are frequent, and hence it would not be fair to infer that an engine in use today probably set out fire because engines in use twelve months before had done so. On this reasoning the conclusion of the Court that there was no reversible error in excluding the testimony tendered in *McClintock* v. *Charleston & W. C. Ry.,* 83 S. C. 58, was sound. There the question rejected was whether the witness had *ever* known the house to be set on fire by a locomotive engine before, and the ruling of the Circuit Judge in holding a question altogether indefinite as to time to be irrelevant was properly sustained. On this ground it must be held that the question here asked was properly excluded, for it was likewise entirely indefinite in that it contained no suggestion that the other fires to be spoken of by the witness were set out at even approximately the same time.

After the question had been excluded the plaintiff's counsel asked the Court the question: "You will not permit me to prove by this witness the setting out of any other fires by locomotives of the company?" and received the reply: "No, sir, any testimony tending to show that this locomotive set out any other fire is admissible, but that any other locomotive set out fires, is not." It is insisted that this ruling broadly excluded all evidence of fires set out by other locomotives,

even under similar circumstances and at approximately the same time, and that it would have been improper for the counsel to press the matter further. There is force in the position but we think not sufficient to warrant a reversal. The only question which had been asked and excluded was, as we have seen, properly excluded. At no time did counsel indicate to the Court by his questions, or otherwise, that the testimony would relate to the *behavior* of other engines near the same time. Had he done so, it is not improbable that the closeness in time and similarity of conditions would have suggested to the Court the relevancy of the testimony. Indeed, there is nothing in the record to indicate to this Court that counsel expected to elicit from the witness testimony to the effect that other fires occurring about the same time were set out by defendant's locomotives.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE HYDRICK *did not sit in this case because disqualified.*