## 10583.

### MITCHUM v. SEABOARD AIR LINE RAILWAY.

#### (106 S. E. 769)

1. TRIAL—OVERRULING OBJECTION TO EVIDENCE NOT ERROR WHEN GROUNDS NOT STATED.—It was, not error to overrule an objection to testimony where the grounds of objection are not stated.

2. APPEAL AND ERROR—ADMISSION OF EVIDENCE RELATING TO UNDISPUTED MATTER HARMLESS.—In an action for damages from fire claimed to have been caused by sparks from a railroad engine, evidence that not long before the fire plaintiff saw a locomotive throw out sparks and set fire to the grass was harmless, as, it only stated the undisputed fact that grass may be set on fire by sparks from an engine.

3. RAILROADS—ORIGIN OF FIRE HELD FOR JURY.—In an action for damages from fire claimed to have been caused by sparks from a railroad engine, where the testimony, though circumstantial, tended to sustain plaintiff's allegations, the issues of fact were properly submitted to the jury.

Before TOWNSEND, J., Berkeley, December, 1919. Affirmed.

Action by Sam Mitchum against Seaboard Air Line Railway for fire damage. From judgment for plaintiff the defendant appeals.

*Messrs. Buist & Buist and Octavus Cohen,* for appellant, cite: Action under Sec. 3226, 1 Civil Code: *Testimony of sparks from a locomotive "not long" before the fire inadmissible*: 87 S. C. 178. *No testimony to show fire originated from sparks from appellant's engine or within its right-of-way and nonsuit should have. been granted*: 31 S. C. 378; 41 S. C. 86; 41 S. C. 285; 99 S. C. 417; 107 S. C. 367; 103 S. C. 1.

*Messrs. E. J. Dennis and Wolfe & Berry,* for respondent, cite: *Judge was correct in submitting question of origin of fire to the jury*: 99 S. C. 498: *Nonsuit or direction of verdict would have been improper*: 96 S. C. 154; 84 S. C. 299.

April 11, 1921.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained by the plaintiff through the wrongful acts of the defendant, whereby a fire was communicated from defendant's locomotive engine to plaintiff's dwelling, adjacent to defendant's right-of-way which destroyed the dwelling and its contents.

The defendant denied the allegations of the complaint. The defendant made a motion for a nonsuit at the close of the plaintiff's testimony, which was refused; also a motion for the direction of a verdict at the close of all the testimony, which was likewise refused.

The jury rendered a verdict in favor of the plaintiff, and the defendant appealed.

The first question we will consider is whether there was error on the part of his Honor, the presiding Judge, in overruling the objection to the following testimony of the plaintiff:

"Not long before this fire I saw a locomotive throw out sparks and set fire to the grass on two occasions. One was a freight and the other a passenger train. This must have been about the first of April or the last of March. I was there and put the fire out. At one time the fire was about 25 feet from the house, and the other about 30 feet."

In the first place, the grounds of the objection are not stated; and, in the second place, the appellant has failed to show that the testimony was prejudicial. It only states an undisputed fact, that grass may be set on fire by sparks from a locomotive engine.

The other exceptions assign error in the refusal to grant the nonsuit and to direct a verdict on the ground that the evidence did not warrant a reasonable inference that the fire was communicated by defendant's locomotive.

The testimony was circumstantial, but it tended to sustain the allegations of the complaint. Therefore the issues of fact were properly submitted to the jury.

Affirmed.

JUSTICES WATTS and FRASER concur.

Mr. JUSTICE COTHRAN, (dissenting in part:) I concur in the disposition of the question of evidence as to the other fires set by the engines of the defendant, upon the ground that the objection was not accompanied by a statement of the grounds thereof. Upon the merits of the question raised I prefer that the Court should reaffirm the decision of this Court in the case of *McGill Bros. v. Railway Co.*, 87 S. C. 178, 69 S. E. 156.

Upon the main point of the appeal, alleged error in refusing motions for nonsuit and directed verdict, I dissent from the conclusions reached by the majority of the Court, and will endeavor to make clear the reasons therefor,

The liability of a railroad company for the results of communicated fires is, under section 3226, vol. 1, Code of Laws 1912, absolute. No question of negligence or due care can arise. If it be established that the fire originated upon the right of way, in consequence of the acts of any authorized agent or employee of the company, or was communicated by its engines, the company is liable in damages for the subsequent injury. The statute is one of exceptional liability. It is only just, therefore, that one who claims the benefit of such a statute must bring himself within its provisions.

There is no contention on the part of the plaintiff that his claim comes under the provisions of the first part of the section, that the fire originated upon the right of way, etc. His claim is under the second part, that the fire was communicated to his house by the locomotive engine of the defendant.

The burden of establishing this fact is upon him. He must sustain it by evidence, direct or circumstantial, not by conjecture. This Court, however, is not the tribunal for the decision of that issue of fact. It is a Court for the correction of errors of law. Its jurisdiction and consideration of matters of fact arise only when the evidence is susceptible of only one reasonable inference, or from a negative standpoint, when from the evidence a reasonable inference of the existence of the essential fact would not be drawn by any reasonable mind.

I shall consider the facts, as I should, with every reasonable intendment, most strongly in the plaintiff's favor.

The plaintiff's dwelling house fronted the railroad track

on .the west side.   The   distance from   the center   of the track to the point on the kitchen roof where   the fire   was located was at least 90 feet.   The kitchen, in the   rear of the house and furthest from the track,   was a   gable-end building, with a sharp roof, covered   with new   shingles. The fire was discovered about 11 o'clock a. m.   The plaintiff was in the sitting room and was alarmed by the roaring of the flames.   He found the kitchen rof ablaze from the outside.   Two passenger trains had passed that morning, one about   10 and the other about   11 o'clock.   In about five minutes after the north-bound train had passed at 11 o'clock he heard the roaring of the fire and supposed that it must have been this train that   set fire,   though he did not know for certain.   There was no fire in the stove between 10 and 11 o'clock when he went into the kitchen to draw some tea.   He did.not build the   fire and   draw the tea because the wind was too high.   There was at the time a very high wind blowing   from   the house   toward the railroad, as the plaintiff himself   admits.   He   admits also that he saw sparks from his   burning   house   going across the field and setting fire on   the other   side.   The church on the other side of the railroad from the house caught fire and was burnt, from sparks flying across the railroad from the burning house.   When confronted by the anticipated testimony of witnesses   for   the   defense, among whom was the plaintiff's niece by marriage, who was spending a few days at his house at the time of the fire, to the effect ·that he attributed the fire to the kitchen stove, he denied making such statements, but added : "If I did, I have forgotten it."

From the foregoing statement of facts, taken entirely from the plaintiff's testimony, I cannot see how any other inference can be drawn than that he has entirely failed to connect the fire with the defendant's engine.   As circumstantial evidence, he shows that the kitchen was within 90 feet of the track; that a train passed about   five   minutes

before the alarm; that there was no fire in the stove; that the fire originated on the kitchen roof. It seems incredible that sparks could pass over his house, covered with old shingles, and ignite the kitchen roof covered with new shingles; that in five minutes a spark could produce such a combustion as to alarm him in another part of the house by the roaring of the flames and gain such headway as to be irrepressible. Many of the originary indicia in suits for damages on account of communicated fires are conspicuously absent—the absence of spark arresters; drunken or incompetent engineers; use of excessive steam; unusually heavy trains; going up grade; violation of statute; excessive speed; want of repair or defect; stopping of engine; stirring up fire at dangerous places; dropping of coal; emission of sparks, etc.

The fact that upon other occasions plaintiff had seen fire set upon the right of way by sparks from engine is but speaking to an occurrence of known happening; but, assuming that it established the fact that every engine on defendant's line every day and at every point emitted sparks, the plaintiff is met with the insuperable physical impossibility of a spark making headway in the teeth of a gale. The undisputed effect of the wind upon the sparks rising from the plaintiff's burning house is strongly persuasive to my mind that its effect upon the sparks rising from defendant's engine, if there were any, of which there is no evidence, was the same, driving them away from the house instead of towards it.

I therefore think that the motion for nonsuit or directed verdict should have been granted, and dissent from the judgment rendered herein.