10942

FLEMING v. SOUTHERN RY. CO.

(113 S. E. 73)

RAILROADS—ORIGIN OF FIRE HELD FOR JURY.—Evidence on the question whether a fire on defendant's right of way, which spread to plaintiff's land, was set by a locomotive, *held* sufficient for submission to the jury.

Before MEMMINGER, J., Jasper, February, 1922. Reversed and remanded.

Action by Charles P. Fleming against Southern Railway Co. From directed verdict for defendant the plaintiff appeals.

*Mr. John P. Wise,* for appellant, cites: *Railroad's liability for fire:* 1 Civ. Code 1912, Sec. 3226. *May be shown circumstantial evidence:* 64 S. C., 365; 115 S. C., 500.

*Mr. J. W. Manuel,* for respondent, cites: *Testimony must be such as to do more than raise a suspicion as to liability for the fire:* 92 S. E., 1; 93 S. E., 161. *Trial Judge heard witnesses and verdict should stand unless clearly wrong:* 88 S. E., 369.

July 5, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record: This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant, whereby a fire originated on the right of way of the defendant, which fire was set by a locomotive engine attached to a train running north about 10 o'clock in the morning. belonging to the defendant, running on and over its line of railway, which fire spread to lands leased by plaintiff, thereby burning and destroying turpentine boxes. The defendant denied the allegations of the complaint. The defendant made a motion for the direction of a verdict at the

close of all the testimony, which was granted. From the ruling of the presiding Judge in directing a verdict for the defendant, the present appeal is taken.

. The case was called for trial at the February term, 1922, of the Court of Common Pleas for Jasper County, and was tried before Judge R. W. Memminger and a jury, and the jury upon the direction of the presiding Judge wrote a verdict, "We find for the defendant." Case was first tried before Judge Peurifoy, at June term, 1921, at which trial plaintiff's testimony was identical with testimony offered by him before Judge Memminger, with the exception of the witness Annie Maner, and Judge Peurifoy granted a new trial, after verdict for plaintiff on the ground:

"I am satisfied that the plaintiff has not proved with sufficient certainty that the fire was caused by the defendant."

The following is the testimony of Annie Maner: Annie Maner, testifying for plaintiff, says:

Lives about three miles from Tillman going north. Lives not far from railroad track, "between 300 and 400 yards, I guess it may be, more or less." The morning of the fire "I was turning around in yard. I heard train pass." "Must have been 10 o'clock train; was running very fast, going north." "Shortly after, while I was turning around in yard, saw smoke rise. It got larger and larger." After train passed saw smoke. "Not very long. Maybe half an hour. I think it was nearer than that, it may have been a little longer or less. Shortly after that I looked, and seen the smoke rising. Then I looked to see which way the fire was going. I went out from my house near enough to see that the fire was on the other side of the railroad." Fire on side towards turpentine boxes; fire burning from railroad. First heard about this case last week. "Q. Where were you going that morning? A. Nowhere, only preparing to have a supper at my house that night, as my child's birth." Positive "no fire on my side"; went up to see; fire on right;

"I live on left." Saw no fire before train passed. Soon after train passed saw smoke rise. "No, sir; I was not taking any notice about the train, but shortly after I seen the smoke I took notice about the train." "I live about half a mile from railroad, maybe between a half and three-quarters." After train passed before saw smoke, "about a half an hour; it might have been a little more or a little less. I looked around towards the railroad and saw smoke. I knew, if the fire was coming towards my home, it would burn me out. I walked up and saw the fire was on that side of the railroad, going the other way. It was on the right, and I stays on the left." "Last week was the first time Mr. Fleming ever mentioned about fire to me; never told him about the fire. I remember it was on the 12th, because birth was on the 12th, preparing for hot supper. Q. You say you went up and saw the fire was on the opposite of the railroad from your home? A. Yes, sir. Q. Did you see anything burning by the side of the railroad track, like trash or rubbish? A. Looked like trash or rubbish. Q. You saw that on the right of way? A. Yes, sir; going from the right of way."

After argument the Court thus ruled:

"There have been too many of these fire cases where there is just simply a charge that the railroad company set the fire, and the jury draws the inference that the railroad company started the fire. This case has already gone to the jury, has been tried once. The jury found a verdict for $300 in favor of the plaintiff, and Judge Peurifoy sitting here, presiding over the trial of the case, signed an order setting aside the verdict and granting a new trial. After considering the question, I am satisfied that the plaintiff has not proved with sufficient certainty that the fire was started by the railroad company. The motion is therefore granted. Mr. Foreman, just write on the back of this complaint, 'We find for the defendant.'"

Due notice having been given of intention to appeal from the ruling and the judgment herein, the following are the exceptions:

"(1) That the presiding Judge erred in holding and deciding that there was not sufficient testimony to prove that the defendant started the fire and in directing a verdict for the defendant; whereas, the presiding Judge should have held that the plaintiff's proof sustained the material allegations of the complaint, and that there was sufficient testimony to submit the case to the jury, and refused to direct a verdict for defendant.

"(2) That the presiding Judge erred in holding that there was not sufficient testimony to prove that the defendant started the fire which destroyed plaintiff's property; whereas, the presiding Judge should have held that plaintiff's proof showed that defendant's train had recently passed the point of the origin of the fire, and that the fire commenced immediately thereafter, and extended on and to plaintiff's property; that a presumption arose that a fire had been started by the defendant's train."

This testimony alone, which we have quoted, is susceptible of a reasonable inference in favor of the plaintiff; nor is the result different when it is considered in connection with the other testimony. *Mitchum v. S. A. L. Ry.,* 115 S. C., 500; 106 S. E., 769.

Reversed and remanded for new trial.