BANKERS' & SHIPPERS' INS. CO. OF NEW YORK v.
CHARLESTON & W. C. RY. CO.

(136 S. E., 557)

1. RAILROADS—FIRE COMMUNICATED BY LOCOMOTIVE OR ORIGINATING WITHIN RIGHT OF WAY MUST BE SHOWN (CIV. CODE, 1922, § 4910).—In suit by insurance company against railroad to recover amount paid out by it on account of loss of cotton destroyed by fire, plaintiff in order to have case submitted to jury under Civ. Code, 1922 § 4910, must offer testimony showing either that fire was communicated by locomotive or originated within right of way in consequence of act of some authorized agent or employee.

2. RAILROADS—EVIDENCE OF RAILROAD'S RESPONSIBILITY FOR FIRE DESTROYING COTTON ON STATION PLATFORM HELD INSUFFICIENT FOR JURY (CIV. CODE, 1922, § 4910).—In insurer's suit under Civ. Code, 1922, § 4910, against railroad to recover amount paid out by it on account of loss of cotton destroyed by fire on station platform, evidence *held* insufficient to require submission of case to jury.

Before DEVORE, J., Spartanburg, October, 1924. Appeal dismissed.

Action by the Bankers' and Shippers' Insurance Company of New York against the Charleston & Western Carolina Railway Company. Judgment of non-suit, and plaintiff appeals.

*Messrs. Brown & Byrd* and *E. C. Taylor,* for appellant, cite: *Railroad Company liable for damage by fire set out*

*by its locomotives without proof of negligence:* Civ. Code, 1922, Sec. 4910; 87 S. C., 258; 69 S. E., 233; 81 S. C., 567; 62 S. E., 835; 38 S. C., 103; 24 S. C., 366. *Same; where property destroyed not accepted by company for shipment:* 87 S. C., 258; 69 S. E., 233. *Non-suit improper where evidence tends to show facts as alleged:* 120 S. C., 242; 113 S. E., 73; 115 S. C., 500; 106 S. E., 769; 99 S. C., 488; 83 S. C., 600; 64 S. C., 365.

*Messrs. Lee & Moise,* also for appellant.

*Messrs. F. B. Grier* and *Nicholls, Wyche & Byrnes,* for appellant, cite: *Non-suit properly granted:* 127 S. C., 205; 126 S. C., 312; 125 S. C., 1; 124 S. C., 70; 121 S. C., 324; 99 S. C., 417; 100 U. S., 697. *Case distinguished:* 120 S. C., 242.

February 1, 1927.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The firm of Coleman & Moore, owners of a lot of cotton in bales, located on the platform of the defendant's station in the town of Switzer, insured the cotton against loss by fire with the plaintiff. On November 2, 1922, the cotton was totally destroyed by fire. The plaintiff paid the amount of loss to Coleman & Moore, and, under its right of subrogation, brought suit against the defendant in the Court of Common Pleas for Spartanburg County to recover the amount paid out by it on account of the loss.

In its complaint, the plaintiff alleged:

(1) That one of the defendant's locomotive engines caused sparks of fire to be emitted therefrom and come in contact with the cotton, thereby burning and destroying the same;

(2) That the fire which burned the cotton "originated within the limits of the right of way of the defendant, and in consequence of the act of its authorized agents or employees."

Upon the conclusion of the testimony for the plaintiff, the trial Judge, Hon. J. W. DeVore, granted the defendant's motion for a nonsuit, on the ground that there was no testimony to be submitted to the jury in substantiation of the allegations of the plaintiff's complaint. From the order of nonsuit, the plaintiff has appealed to this Court.

The suit is brought under the terms of Section 4910, Vol. 3, Code of 1922. Under that section, a railroad corporation, except in certain cases set forth in the statute, without regard to negligence on its part, is responsible in damages to any person or corporation whose buildings or other property may be injured by fire in two instances, namely: (1) When the fire is communicated by its locomotive engines; or (2) when a fire originates within the limits of the right of way of the railroad company in consequence of the act of any of its authorized agents or employees.

In order to have entitled the plaintiff to have its case submitted to the jury, it was necessary, therefore, for it to offer some testimony to show either that the fire, which consumed the cotton, was communicated by a locomotive engine of the defendant, or that it originated within the limits of the right of way of the defendant, in consequence of the act of some authorized agent or employee of the defendant.

While there was testimony showing that the fire, when first discovered, was within the right of way of the defendant, being in the cotton, which was within the right of way, there was absolutely no evidence to show that it originated in consequence of the act of any authorized agent or employee of the defendant. It follows then that unless there was some testimony to establish in some way that the alleged fire was communicated by one of the locomotives of the defendant, the trial Judge was right in granting the nonsuit.

The plaintiff depended upon the following circumstances as sufficient evidence to carry the case to the jury: That

the cotton was within the right of way, and that within a few hours prior to the discovery of the fire one or two trains of the defendant had passed through Switzer. There was no evidence that either of the engines attached to the trains emitted sparks. To the contrary, plaintiff's own witnesses, who saw one of the trains go by, testified that there was no emission of sparks. There was no evidence that prior to the occurrence the engines of the defendant had been throwing out sparks.

The appellant relies upon the cases of *Brown v. Railway Company*, 64 S. C., 365; 42 S. E., 178; *Rittenberg v. Railway Co.*, 99 S. C., 488; 83 S. C., 600; *Mitchum v. Railway*, 115 S. C., 500; 106 S. E., 769; and *Fleming v. Railway*, 120 S. C., 242; 113 S. E., 73. In the *Brown case*, there was positive evidence that a stove in the depot of the railroad company was in bad condition; that it was red hot with fire, and when the depot was closed it was left in that condition; that the fire which consumed plaintiff's building was communicated from the depot. In the *Rittenberg case*, there was evidence that a train stopped within 40 feet of the sawmill, remaining there for a half hour because of its disabled condition; that it had to be removed by a pushing engine, which was laboring considerably; that there was much sawdust and lumber close by, and everything was dry, and the wind was blowing 15 miles per hour from the engine toward the mill. In the *Mitchum* case, the facts upon which the majority of the Court based its opinion are not fully set forth, but it appears from the report of the case that there was proof that locomotives of the railroad company had previously thrown out sparks. In the *Fleming case*, there was testimony that just before a railroad train passed no fire was seen about and a little while after the train passed smoke was seen to arise, and along the track of the railroad trash was burning.

In the case at bar, there was no evidence as to the act of an employee as there was in the *Brown case*. In this case,

there was no evidence as to the blowing of the wind in the direction of the consumed property, or any evidence of a laboring engine as there was in the *Rittenberg case.* In the case here, there was no evidence as to the emission of sparks upon any occasion as there was in the *Mitchum case.* In the instant case, there was no evidence as to the burning of trash or rubbish by the side of the railroad track, or that the fire occurred so quickly after the passing of the train as there was in the *Fleming case.*

We think the Circuit Judge was correct in granting the nonsuit.

The judgment of this Court is that the appeal be dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN and STABLER and MR. ACTING ASSOCIATE JUSTICE PURDY concur.