12879

DuBOSE v. SULLIVAN

(152 S. E., 699)

April, 1929.

*Mr. John E. Stansfield,* for appellant,

*Messrs. Gunter & Wilder,* for respondent,

April 3, 1930.

The opinion of the Court was delivered by Mr. Chief Justice Watts.

Plaintiff instituted this action on the fourth day of February, 1929, against the defendants Mrs. Nellie Frances Sullivan in her own right and as administratrix of the estate of Fred Hahn, deceased, and W. W. Arthur, for the recovery of certain commissions resulting from the sale of certain real estate by the defendant Mrs. Nellie Frances Sullivan to one W. A. Clarkson, which said commissions were claimed by the plaintiff and defendant W. W. Arthur and, in the said action, plaintiff sought to recover of the defendants the sum of $700.

The defendant Mrs. Nellie Frances Sullivan, in her own right and as administratrix, filed an answer admitting the sale of the real estate in question to W. A. Clarkson, and that the plaintiff and defendant W. W. Arthur participated in said transaction. The answer of said defendant signified the willingness of defendant Nellie Frances Sullivan to pay the money into Court to be held by the clerk and paid by that officer to the proper party.

The defendant W. W. Arthur by his attorney, D. W. Gaston, Jr., filed an answer containing a general denial.

The cause came on for trial in the Court of Common Pleas for the county of Aiken, on the 10th day of April, 1929, before Hon. M. L. Bonham, presiding Judge, and a jury, and resulted in a verdict for the plaintiff against the defendant W. W. Arthur for the sum of $700.

Within due time the defendant W. W. Arthur gave notice of an appeal to the Supreme Court, from the rulings, verdict, and judgment of the Circuit Court.

The exceptions are two in number, with subdivisions. The appellant says:

"Statement of question involved.

"This is an appeal by the defendant, W. W. Arthur, from a judgment rendered by the Court of Common Pleas for the County of Aiken, in favor of the plaintiff, Mrs. Fannie DuBose, against W. W. Arthur, for the sum of $700.

"The sole question presented by this appeal is: Did his Honor err in refusing to allow the witness, Willis U. Arthur, to testify that the said witness put the de-

fendant, W. W. Arthur, in touch with the property mentioned and described in the complaint?"

We see no prejudicial error on the part of his Honor in excluding the testimony of Arthur.

It seems to us that this testimony of the defendant-appellant clearly shows that nothing that the witness, Arthur, said or did had any influence on his or Clarkson's buying the property in question. The law applicable to the question raised by the defendant's. exceptions is covered by the following principles and cases:

It is incumbent upon the appellant to show that the evidence excluded or admitted is prejudicial error. *J. L. Mott Iron Works v. Clark*, 87 S. C., 199, 69 S. E., 227; *Mitchell v. Hamilton*, 98 S. C., 289, 82 S. E., 425. "In all cases, the admission or exclusion of testimony on the ground of relevancy or irrelevancy must necessarily be left to the sound discretion and judgment of the trial Judge, which is subject to review only when it is unreasonably exercised or abused." *Crawford v. Rice & Hutchins Baltimore Co.*, 98 S. C., 121, 82 S. E., 273; *McClintock v. Ry. Co.*, 83 S. C., 58, 64 S. E., 1009; *Cutter v. Mallard Lumber Co.*, 99 S. C., 231, 83 S. E., 595, 597.

Exceptions are overruled, and. judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.