13821

BLAKELY v. ATLANTIC COAST LINE R. CO.

(174 S. E., 15)

Before STOLL, J., Williamsburg, October, 1932.

Mr. *F. L. Willcox,* for appellant,

Mr. *A. C. Hinds,* for respondent,

April 4, 1934.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

A store building, a garage, and a meat market were destroyed by fire on February 29, 1932, at Lanes, Williamsburg County. The owner of these buildings was of the opinion that the fire was caused by a locomotive engine of the Atlantic Coast Line Railroad Company, and brought his suit for damages in the Court of Common Pleas upon that theory; the cause being tried before Circuit Judge Stoll and a jury at Kingstree, on May 2, 1933. Motions for nonsuit and directed verdict were made in due course by the defendant, and both motions were denied by the Circuit Judge. The cause was then submitted to the jury, and verdict was found for the plaintiff in the sum of $650.00. Upon this verdict judgment was duly entered, and from the judgment this appeal is taken; the defendant alleging error on the part of the Circuit Judge in denying the motions for a nonsuit and directed verdict.

This suit is not based upon negligence of the defendant, but is based upon the following provision of Section 8362 of the Code: "Every railroad corporation shall· be responsible in damages to any person or cor-

poration whose buildings or other property may be injured by fire communicated by its locomotive engines."

We have made a most careful examination of the testimony in this case, giving to the plaintiff the benefit of all questionable points, but cannot escape the conclusion that the appellant should prevail in this appeal and that the Circuit Judge was in error in his rulings. Of course, if the nonsuit had been granted, the motion for directed verdict would not have been made. As will be pointed out, the Circuit Judge was clearly in error in not granting the nonsuit, and, unless additional testimony was furnished by the witnesses for the defendant to supply what was lacking in the testimony of the plaintiff, the motion for a directed verdict should likewise have been granted. We will therefore discuss the testimony in more detail for the purpose of deciding whether or not the motion for a directed verdict should have been granted.

The plaintiff was the owner of a wooden building, erected some twenty-five or thirty years ago, two stories in height; the lower portion being used as a mercantile establishment and the upper portion being unused and consisting of vacant and empty rooms. Plate glass was in the lower windows, but in the upper portion there were sash with panes of glass, twelve panes to the window, eight by ten inches in size. Some of these panes had been broken out and the spaces were empty. The building was not on the right-of-way of the defendant, but was built up to the line of the right-of-way and fronted toward the railway track. The track was some sixty-five feet from the store at the nearest point.

A freight train of the defendant arrived at Lanes that morning at 3:15, did some switching of cars, got a supply of water, and left for Charleston at 3:40 a. m. The engine, No. 411, was running as an extra, was pulling a very light train consisting of nine cars, five empties and four loads, although the engine was capable of pulling as many as sixty loaded cars.

As best we can gather from the testimony, the fire was burning brightly on the front portion of the store at ten minutes to 4 o'clock in the morning. All of the witnesses testified that they lived but short distances from the store and that the glare from the flames awakened them. There was practically no wind blowing at the time of the discovery of the fire; such breeze as was blowing being from the west to the east or from the track toward the store.

Such, in brief, is the testimony adduced at the hearing. The statute imposes upon the defendant liability for fires communicated by its locomotives, and, up to the closing of the testimony of the plaintiff, there is not a word of testimony to show that there was a spark of fire anywhere about the locomotive. The only testimony remotely bearing on the existence of fire was that the train came into the station, did some shifting, and then left for Charleston. Whether the locomotive was capable of emitting sparks, whether it used coal, wood, or oil for fuel, whether it used steam or electricity as its motive power, all were left to conjecture at the close of the testimony for the plaintiff.

A part of the testimony of the defendant, however, was directed to the existence of a device for arresting the escape of sparks, and we take it that this testimony was sufficient to imply that the engine was capable of producing sparks even though the testimony showed that no sparks could escape and that a spark-producing fuel was used.

But this additional testimony throws no light upon the cause of the fire. It tends rather to negative the only presumption upon which the plaintiff rests his case, to wit, that the engine threw a spark through one of the open panes of the window some sixty-five feet away and cause fire to ignite in an empty room.

In suits under this statute no presumption will arise that a locomotive caused the fire simply because a locomotive was in the vicinity shortly before the fire was discovered. There must be proof of some act upon which the presumption can be based. As was said in the

case of *Bankers' & Shippers' Insurance Co. v. C. & W. C. R. R.,* 138 S. C., 341, 136 S. E., 557, 558: "In order to have entitled the plaintiff to have its case submitted to the jury, it was necessary, therefore, for it to offer some testimony to show either that the fire, which consumed the cotton, was communicated by a locomotive engine of the defendant. * * * "

The section of the Code upon which this action is based has been before this Court in quite a few cases, many of them being cited in *Bankers' & Shippers' Insurance Co. v. C. & W. C. R. R., supra.* In that case there were more circumstances favorable to the plaintiff than in the present case, and the Court expresses its view of the cases cited by the plaintiff in words peculiarly applicable to the case now under consideration. The opinion says: "In the case at bar, there was no evidence as to the act of an employee as there was in the *Brown case* (64 S. C., 365, 42 S. E., 178). In this case, there was no evidence as to the blowing of the wind in the direction of the consumed property, or any evidence of a laboring engine as there was in the *Rittenberg case* (99 S. C., 488, 83 S. E., 600). In the case here, there was no evidence as to the emission of sparks upon any occasion as there was in the *Mitchum case* (115 S. C., 500, 106 S. E., 769). In the instant case, there was no evidence as to the burning of trash or rubbish by the side of the railroad track, or that the fire occurred so quickly after the passing of the train as there was in the *Fleming case* (120 S. C., 242, 113 S. E., 73)."

The case of *Metz v. Ry. Co.,* 125 S. C., 1, 117 S. E., 725, 731, is also applicable to the law and facts now under consideration. The following citation is appropriate: "A careful investigation of all the evidence convinces us that the plaintiff failed by evidence or circumstances to show that he was entitled to a verdict under the allegations of his complaint. The verdict of the jury was not based upon facts proven in the case, but upon presumption, and there were

no facts or circumstances proven in the case to warrant a reasonable jury in finding for the plaintiff."

It appearing that there were no proven facts upon which liability of the defendant could be predicated, the judgment appealed from is reversed, and the complaint dismissed under Rule 27 of this Court.

Reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.