16008

## LANEY v. ATLANTIC COAST LINE R. CO.

(45 S. E. (2d) 184)

*Mr. J. Arthur Knight,* of Chesterfield, and *Messrs. Woods & Woods,* of Marion, for Appellant,

*Messrs. George K. Laney, James E. Leppard* and *Wm. P. Gulledge,* of Chesterfield, for Respondent,

November 11, 1947.

TAYLOR, J.: This action was brought by respondent in the Court of Common Pleas for Chesterfield County to recover damages for the loss of 14 bales of cotton alleged to have been burned by a fire while on appellant's cotton platform at Cheraw, South Carolina, the fire being alleged to have been communicated to the cotton by one of appellant's locomotive engines and originating within the limits of de-

fendant's right-of-way in consequences of the acts of its authorized agents and employees.

At the conclusion of the testimony, appellant moved for a directed verdict which was refused, and the case submitted to the jury resulting in a verdict of $1,260.00 in favor of the plaintiff. Defendant then moved for a judgment in its favor *non obstante veredicto* or for a new trial in the alternative, which was refused; and the defendant now appeals to this Court upon exceptions which pose the questions of (1) whether or not there was error in refusing defendant's motion for a directed verdict and for a judgment *non obstante veredicto* or for a new trial in the alternative; and (2) whether or not there was error in admitting testimony as to other engines of the defendant's emitting sparks on other occasions.

The testimony presented in this case is at wide variance. One witness testified that the train left Cheraw at 2:45 p. m. and the fire was not discovered until 5:55 p. m. Another testified that she lives near the platform and that within five or ten minutes after the shifting engine had left, she saw the blaze on the lower end of the platform. Two other witnesses testified that the fire started between 3:30 p. m. and 4:00 o'clock p. m. One witness testified that the shifting engine was at the platform about 4:00 p. m. and another at about 3:00 or 3:30 p. m. All witnesses agreed that no fire was on the platform prior to the switching operations of defendant's engine, but they do vary widely as to what period of time elapsed between these operations and the discovery of the fire. One witness testified that sometimes a spark falling upon a bale of cotton may smoulder for a considerable time before breaking out in flames. Another witness testified that when the engine was "horsed", sparks would fly from the engine and burn those working nearby. There was also testimony to the effect that only a portion of the platform was covered by a shed and the fire started in that cotton which was next to the railroad and on that open portion of the platform.

There is a sharp conflict in the testimony of various witnesses, but the weight of this testimony was within the province of the jury, and we are of the opinion that the learned trial Judge committed no error in overruling the motions for a directed verdict in favor of the defendant in that the evidence adduced presented a question of fact to be determined by the jury; and it, therefore. follows that the motion for judgment in favor of the defendant *non obstante veredicto* should also be overruled.

Plaintiff was permitted to introduce testimony, over defendant's objections, to the effect that 30 or 60 days prior to that, defendant's engine, while undertaking similar shifting operations along the same platform and under approximately similar conditions, had emitted hot sparks; and another witness testified that hot sparks were often emitted from defendant's shifting engines at this point both before and after the fire. One witness, who worked on the platform, testified that when the engine was "horsed", it threw out sparks, and "they burn you up and you can't hardly stand it." Appellant contends that this testimony does not sufficiently qualify under the requirements as laid down by the case of *McGill Bros. v. Seaboard Air Line Ry.*, 87 S. C. 178, 69 S. E. 156. In that case this precise question was raised and this Court said:

"The exceptions assign error in the exclusion of the following question asked by plaintiffs' counsel of the witness Gardener: 'Had you seen the engines of the defendant company set out fires along there before?' The rule of evidence adopted by the courts with practical unanimity in cases like this is that on the issue of the origin of the fire evidence of other fires communicated by other locomotives of the defendant company under similar conditions and at or near the same time is admissible as tending to show a probability that the fire under investigation was set out in the same way.  *  *  *

"There is strong reason for holding that such evidence should not be admitted unless it appears to the court that

the conditions and the time were approximately the same."

And in the case of *Moore v. Atlantic Coast Line R. Co.,* 137 S. C. 319, 135 S. E. 473, we find the following:

The exception was "that the trial court erred in permitting Ben Hughes, a witness for the plaintiff, and B. S. Moore, one of the plaintiffs, to testify over objection 'that other trains had set out fire at the same place.' This assignment of error is based upon the contentions that there was no testimony 'tending to show that the engine or engines were of the same class and equipped as the train in question was on the night of the fire,' and that in the absence of such testimony the evidence objected to was irrelevant and inadmissible. For reasons which will be briefly indicated, we think appellants' position is untenable. The relevancy of this class of testimony—that is, the probative force of similar acts or events—which is predicated upon the theory that in the natural world similar causes produce like results, 'is a resultant of three main factors: (1) The extent of the similarity; (2) the observed regularity of action; (3) the presence or absence of modifying forces.' 22 C. J. 742, § 933. For the reason that even where the conditions under which two events occurred are apparently similar, or as to certain of the conditions, are in fact identical, the absence of a former element or the presence of a new factor in a physical combination of causes may suffice to produce a very different result, the use of such evidence always entails the danger of its weight being overestimated and its importance exaggerated by the jury. For that reason, and others having to do with the practical inconvenience of trying a number of collateral issues at the same time, *'the rule is that it is within the discretion of the court, except under special circumstances, to reject evidence of former acts or occurrences as proof that a particular act was done or a certain occurrence happened.'* 22 C. J. 741, § 834; *McClintock v. Charleston & W. C. Ry.,* 83 S. C. 58, 64 S. E. 1009. In a case like that at bar, however, that 'evidence of other fires communicated by other locomotives of the de-

fendant company, under similar conditions and at or near the same time, is admissible as tending to show a probability that the fire under investigation was set out in the same way,' is expressly recognized and ruled in our case of *McGill Bros v. [Seaboard Air Line] Ry.*, 87 S. C. 178, 69 S. E. 156." (Emphasis added.)

A study of the transcript reveals that this testimony relates to the operation of defendant's engines while shifting on the same track along the side of the same platform at the same place and under similar conditions at or near the same time and meets the requirements set forth by the authorities quoted above. The trial Judge, therefore, did not err in overruling defendant's objections thereto.

For the foregoing reasons, this Court is of the opinion that all exceptions should be overruled and the judgment affirmed; and it is so ordered.

Judgment affirmed.

BAKER, CJ., and FISHBURNE, STUKES and OXNER, JJ., concur.